IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **INGRID ROODA** § | |
| § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. _____ |
| **NAVIKA CAPITAL GROUP, LLC,,** § | |
| **MARRIOTT INTERNATIONAL, INC.,** § | |
| **AND PARAMOUNT HOTEL GROUP DBA** § | |
| **SPRINGHILL SUITES** § | |

**DEFENDANTS NAVIKA CAPITAL GROUP, LLC AND
MARRIOTT INTERNATIONAL, INC.'S
NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants, NAVIKA CAPITAL GROUP, LLC AND MARRIOTT INTERNATIONAL, INC. ("Defendants"), files their Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

## I.
## FACTUAL BACKGROUND

1.1   On or about December 8, 2022, Plaintiff Ingrid Rooda ("Plaintiff") filed her Original Petition in the matter styled *Ingrid Rooda v. Navika Capital Group, LLC, Marriott International, Inc., and Paramount Hotel Group DBA Springhill Suites, Cause No 22-DCV-299411;* pending in the *400th Judicial District Court of Fort Bend County, Texas*, in which Plaintiff asserts a claim for damages arising out of personal injuries allegedly sustained when she claims she fell on wet handicap ramp at the Springhill Suites.

1.2   On or about December 13, 2022, Plaintiff served Defendant Marriott International, Inc. with process by serving its registered agents for service.

1.3   On or about December 15, 2022, Plaintiff served Defendant Navika Capital Group, LLC with process by serving its registered agent for service.

1.4     In response, Defendants Navika Capital Group, LLC and Marriott International, Inc. filed their Original Answer to Plaintiff's Original Petition on January 3, 2023.

Defendants file this timely Notice of Removal within 30 days of receiving service of process and citation. *See* 28 U.S.C. §1446(b).

1.3     Pursuant to Local Rule 81, the following documents are being concurrently filed with this removal:

- **Exhibit A:**  Index of Matters Being Filed;
- **Exhibit B:**  The state court's Civil Docket Sheet
- **Exhibit C:**  Plaintiff's Original Petition;
- **Exhibit D:**  Service of process served upon Defendant Marriott International, Inc.;
- **Exhibit E:**  Service of process served upon Defendant Navika Capital Group, LLC;
- **Exhibit F:**  Defendants' Original Answer to Plaintiff's Original Petition;
- **Exhibit G:**  List of Parties and Counsel

## II.
## BASIS FOR REMOVAL

2.1     Defendants file this notice of removal within 30 days of being served with Plaintiff's Original Petition. *See U.S.C.* § 1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *See id.*

2.2     Removal is proper based upon diversity of citizenship under 28 U.S.C. § 1332. Under 28 U.S.C. § 1332, federal courts have original jurisdiction over controversies between citizens of different states if the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.[1]

---

[1] 28 U.S.C. § 1332(a).

    **A.**    **THE PARTIES ARE OF DIVERSE CITIZENSHIP**

2.3    According to Plaintiff's Original Petition, Plaintiff is, and was at the time the lawsuit was filed, an individual who resides in Texas, and thus, is a citizen of Texas. *See* Plaintiff's Original Petition ¶ 2.

2.4    For organizations, citizenship lies in every state where it has been incorporated or has its principal place of business.[2] Defendant Navika Capital Group LLC is, and was at the time the lawsuit was filed, a for profit company with its principal place of business in New York and incorporated in the state of New York.

2.5    Marriott International, Inc., is, and was at the time the lawsuit was filed, a for profit company with its principal place of business in Maryland and incorporated in the state of Delaware.

2.6    Because Plaintiff's domicile is Texas and Defendants' citizenship lies outside of Texas, the parties are completely diverse for purposes of diversity jurisdiction.

    **B.**    **THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.**

2.6    This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff alleges that Defendants are liable for negligence.

2.7    Plaintiff's Original Petition dodgefully alleges Plaintiff seeks monetary relief not to exceed $74,999.99 yet also intends to conduct discovery under Level 2 as provided by Tex. R. Civ. P. 190 and 'affirmatively pleads that this suit is NOT governed by the expedited-action process in Texas Rule of Civil Procedure 169 (which applies to a suit in which all claimants, other than counter-claimants, affirmatively plead that they seek only monetary relief aggregating $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs). *See* Plaintiff's Original Petition ¶ 1. Plaintiff did not file a binding stipulation or

---

[2] 28 U.S.C. §1332(c)(1).

affidavit with her complaint. See *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F. 3d 1250, 1254 n. 18 (5th Cir. 1998).

## III.
## THE REMOVAL IS PROCEDURALLY CORRECT

3.1    Defendant Navika Capital Group, LLC was served with process on December 15, 2022. Defendant Marriott International, Inc. was served with process on December 13, 2022. This notice of removal is filed within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2    Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3    Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.4    Pursuant to 28 U.S.C. § 1446(d), promptly after Defendants file this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.5    Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Fort Bend County District Court, promptly after Defendants file this Notice.

## IV.
## CONCLUSION

4.1    Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendants hereby remove this case to this Court for trial and determination.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: *Kristie Walsdorf*
David A. McFarland
State Bar No. 00791223

dmcfarland@thompsoncoe.com
Plazas of the Americas
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
(214) 871-8200 - Telephone
(214) 871-8209 - Facsimile
and
Kristie L. Walsdorf
State Bar No. 24076145
kwalsdorf@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas 77056
(713) 403-8210 – Telephone
(713) 403-8299 – Facsimile

**ATTORNEYS FOR DEFENDANTS NAVIKA CAPITAL GROUP, LLC AND MARRIOTT INTERNATIONAL, INC.**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing instrument was delivered to all counsel of record in accordance with the Texas Rules of Civil Procedure on this the 10th day of January, 2023.

*Kristie Walsdorf*
David A. McFarland
Kristie L. Walsdorf